**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

TRAVIS MENDIOLA, individually
and on behalf of all others similarly
situated,

    Plaintiff,

v.                    CASE NO.:

HOME DEPOT U.S.A., INC.,
and THE ADMINISTRATIVE
COMMITTEE HOME DEPOT
U.S.A., INC.,

    Defendants.
_____/

## CLASS ACTION COMPLAINT

Named Plaintiff, Travis Mendiola ("Plaintiff"), files this Class Action Complaint alleging Home Depot U.S.A., Inc. ("the Corporate Home Depot Defendant), and The Administrative Committee Home Depot U.S.A., Inc. ("the Committee Home Depot Defendant") (collectively, "Home Depot" or "Defendants"), violated the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended by the Consolidated Omnibus Budget Reconciliation Act of 1985 ("COBRA"), by failing to provide him and the putative class members whom he seeks to represent with a COBRA notice that complies with the law.

1.     Despite having access to the Department of Labor's Model COBRA form, Home Depot chose not to use the model form—presumably to save Home Depot money by pushing terminated employees away from electing COBRA.[1]

2.     The deficient COBRA notice at issue in this lawsuit both confused and misled Plaintiff. It also caused Plaintiff economic injuries in the form of lost health insurance and unpaid medical bills. And he suffered an informational injury as a result of Defendants' failure to provide him with all of COBRA information he was entitled to by law.

3.     Home Depot, the plan sponsor and plan administrator of the Home Depot Welfare Benefits Plan ("Plan"), has repeatedly violated ERISA by failing to provide participants and beneficiaries in the Plan with adequate notice, as prescribed by COBRA, of their right to continue their health coverage upon the occurrence of a "qualifying event" as defined by the statute.

4.     Home Depot's COBRA notice and process violates the law. Rather than including all information required by law, written in a manner calculated to be understood by the average plan participant, Home Depot's COBRA notification process instead offers only part of the legally required information in haphazard and piece-meal fashion.

5.     For example, Home Depot's "COBRA Continuation Coverage Enrollment Notice," violates 29 C.F.R. § 2590.606-4(b)(4)(v) because Home Depot's COBRA notice

---

[1] In fact, according to one Congressional research service study, "…[The] average claim costs for COBRA beneficiaries exceeded the average claim for an active employee by 53%. The average annual health insurance cost per active employee was $7,190, and the COBRA cost was $10,988.14. The Spencer & Associates analysts contend that this indicates that the COBRA population is sicker than active-covered employees and that the 2% administrative fee allowed in the law is insufficient to offset the difference in actual claims costs." Health Insurance Continuation Coverage Under COBRA, Congressional Research Service, Janet Kinzer, July 11, 2013.

*itself* never actually explains how to enroll in COBRA, nor does it bother including a physical election form (both of which the model Department of Labor form includes).

6. Instead, Home Depot's COBRA notice merely directs plan participants to a "catch-all" general H.R. phone number to enroll in COBRA, and website, operated by a third-party, Alight Solutions, guised as Home Depot's benefits department, rather than explaining how to actually enroll in COBRA.

7. But the notice contains no instructions on how to actually enroll if one calls the phone number, or when one visits the website. Thus, it defies logic for the same document -- which purports to be a "COBRA enrollment notice" -- not to also contain instructions on how to enroll in COBRA.

8. Additionally, Defendants' COBRA notice violates C.F.R. § 2590.606-4(b)(4)(i) because it fails to identify the plan administrator. This is particularly problematic, and confusing, here because Home Depot's Summary Plan Description identifies the Plan Administrator as, "The Administrative Committee Home Depot U.S.A., Inc.," while Home Depot reported in its Department of Labor filings that the plan administrator is actually "Home Depot U.S.A., Inc." In fact, the confusion created by Home Depot's naming of two separate entities as both serving as plan administrator forced Plaintiff to name both entities as defendants to this lawsuit, as pled in the alternative below.

9. And, Defendants' COBRA notice violates 29 C.F.R. § 2590.606–4(b)(4) C.F.R. § 2590.606-4(b)(4)(i) because it fails to correctly identify the plan, "The Home Depot Medical and Dental Plan." Calling it just "the Plan" as Home Depot does is not sufficient under the applicable law.

10. Furthermore, Defendants' COBRA notice violates 29 C.F.R. § 2590.606-4(b)(4)(vi) because it fails to provide all required explanatory information.

11. Because Home Depot's COBRA notice omits the above critical pieces of information, it collectively violates 29 C.F.R. § 2590.606–4(b)(4), which requires the plan administrator of a group-health plan to provide a COBRA notice "written in a manner calculated to be understood by the average plan participant."

12. As a result of receiving the defective COBRA enrollment notice, Plaintiff failed to understand the notice and, thus, Plaintiff could not make an informed decision about his health insurance and lost health coverage.

13. Plaintiff suffered a tangible injury in the form of economic loss, specifically the loss of insurance coverage and incurred medical bills, due to Home Depot's deficient COBRA forms. In addition to a paycheck, health insurance is one of the most valuable things employees get in exchange for working for an employer like Home Depot. Insurance coverage has a monetary value, the loss of which is a tangible and an economic injury.

14. And, not only did Plaintiff lose insurance coverage, after Plaintiff lost insurance he incurred medical bills resulting in further economic injury.

15. Home Depot's deficient COBRA notice also caused Plaintiff an informational injury when Home Depot failed to provide him with information he was entitled to by law, namely a compliant COBRA election notice containing all information required by 29 C.F.R. § 2590.6064(b)(4) and 29 U.S.C. § 1166(a). Through ERISA and then COBRA, Congress created a right—the right to receive the required COBRA election notice—and an injury—not receiving a proper election notice with information required by 29 C.F.R. § 2590.606-

4(b)(4) and 29 U.S.C. § 1166(a).  Home Depot injured Plaintiff and the class members he seeks to represent by failing to provide all information in its notice required by COBRA.

16. Defendants' above violations also subjected Plaintiff to a risk of real harm to the concrete interest in receiving a notice written in a manner calculated to be understood by the average plan participant, and to elect COBRA continuation coverage, the very interests that Congress sought to protect with ERISA/COBRA.

17. As a result of these violations, which threaten Class Members' ability to maintain their health coverage, Plaintiff seeks statutory penalties, injunctive relief, attorneys' fees, costs and expenses, and other appropriate relief as set forth herein and provided by law.

## JURISDICTION, VENUE, AND PARTIES

17. This Court has jurisdiction over this action pursuant to 29 U.S.C. § 1132(e) and (f), and also pursuant to 28 U.S.C. §§ 1331 and 1355.

18. Venue is proper in this District pursuant to 29 U.S.C. § 1132(e)(2). Additionally, ERISA § 502(e)(2) provides that venue is proper "where the plan is administered, where the breach took place, or where a Home Depot resides or may be found." 29 U.S.C. § 1132(e)(2).  Because the breach at issue took place in this District, venue is also proper.

19. Plaintiff is a former employee of Home Depot.  He was covered under Home Depot's Health Plan, making him a participant/beneficiary as defined by ERISA.

20. Plaintiff experienced a qualifying event within the meaning of 29 U.S.C. § 1163(2), rendering him a qualified beneficiary of the Plan pursuant to 29 U.S.C. § 1167(3).

21. Home Depot is a foreign corporation but is registered to do business in the State of Florida. Home Depot employed more than 20 employees who were members of the Plan in each year from 2014 to 2020.

22. Home Depot is the Plan sponsor within the meaning of 29 U.S.C. §1002(16)(B), and the administrator of the Plan within the meaning of 29 U.S.C. § 1002(16)(A). The Plan provides medical benefits to employees and their beneficiaries, and is an employee welfare benefit plan within the meaning of 29 U.S.C. § 1002(1) and a group health plan within the meaning of 29 U.S.C. § 1167(1).

## FACTUAL ALLEGATIONS

### *COBRA Notice Requirements*

23. The COBRA amendments to ERISA included certain provisions relating to continuation of health coverage upon termination of employment or another "qualifying event" as defined by the statute.

24. Among other things, COBRA requires the plan sponsor of each group health plan normally employing more than 20 employees on a typical business day during the preceding year to provide "each qualified beneficiary who would lose coverage under the plan as a result of a qualifying event … to elect, within the election period, continuation coverage under the plan." 29 U.S.C. § 1161.

25. Notice is of enormous importance. The COBRA notification requirement exists because employees are not expected to know instinctively of their right to continue their healthcare coverage.

26. Moreover, existing case law makes it ostensibly clear that notice is not only required to be delivered to covered employees but to qualifying beneficiaries, as well.

27. COBRA further requires the administrator of such a group health plan to provide notice to any qualified beneficiary of their continuation of coverage rights under COBRA upon the occurrence of a qualifying event. 29 U.S.C. § 1166(a)(4).

28. This notice must be "[i]n accordance with the regulations prescribed by the Secretary" of Labor. 29 U.S.C. § 1166(a).

29. To facilitate compliance with notice obligations, the United States Department of Labor ("DOL") has issued a Model COBRA Continuation Coverage Election Notice ("Model Notice"), which is included in the Appendix to 29 C.F.R. § 2590.606-4. The DOL website states that the DOL "will consider use of the model election notice, appropriately completed, good faith compliance with the election notice content requirements of COBRA."

30. In the event that a plan administrator declines to use the Model Notice and fails to meet the notice requirements of 29 U.S.C. § 1166 and 29 C.F.R. § 2590.606-4, the administrator is subject to statutory penalties of up to $110 per participant or beneficiary per day from the date of such failure. 29 U.S.C. § 1132(c)(1). In addition, the Court may order such other relief as it deems proper, including but not limited to injunctive relief pursuant to 29 U.S.C. § 1132(a)(3) and payment of attorneys' fees and expenses pursuant to 29 U.S.C. § 1132(g)(1). Such is the case here. Home Depot failed to use the Model Notice and failed to meet the notice requirements of 29 U.S.C. § 1166 and 29 C.F.R. § 2590.606-4, as set forth below.

*Home Depot's Notice Is Inadequate and Fails to Comply with COBRA*

31. Home Depot partially adhered to the Model Notice provided by the Secretary of Labor, but only to the extent that served Home Depot's best interests, as critical parts are omitted or altered in violation of 29 C.F.R. § 2590.606-4. Among other things:

   a. **Home Depot's COBRA notice violates 29 C.F.R. § 2590.606-4(b)(4)(v) because the notice itself never actually explains how to enroll in COBRA, nor does it bother including a physical election form (both of which the model Department of Labor form includes);**

   b. **Home Depot's COBRA notice violates 29 C.F.R. § 2590.606-4(b)(4)(i) because they fail to provide the name, address and telephone number of the party responsible under the plan for administration of continuation coverage benefits, including as to both the Plan Administrator and COBRA Administrator;**

   c. **Home Depot's COBRA notice violates 29 C.F.R. § 2590.606-4(b)(4)(i) because they fail to provide the name of the plan;**

   d. **Home Depot's COBRA forms violate 29 C.F.R. § 2590.606-4(b)(4) because Home Depot has failed to provide a notice written in a manner calculated to be understood by the average plan participant.**

32. Home Depot's COBRA notice confused Plaintiff and resulted in his inability to make an informed decision as to electing COBRA continuation coverage. In fact, Plaintiff did not understand the notice and, further, Plaintiff was unable to elect COBRA because of the confusing and incomplete Home Depot's COBRA notice.

33. For example, Home Depot's COBRA notice failed to sufficiently explain how to enroll in COBRA. As a result, Plaintiff could not make an informed decision about health insurance and lost health coverage.

### *Plaintiff Travis Mendiola*

34. Named Plaintiff Travis Mendiola is a former long-time employee of Home Depot, where he worked for approximately nineteen (19) years until his abrupt termination on or about July 15, 2019.

35. Plaintiff was not fired for gross misconduct.

36. As a result of his termination, Plaintiff experienced a qualifying event as defined by 29 U.S.C. § 1163(2).

37. Following this qualifying event, Home Depot caused its COBRA Administrator, Alight Solutions, to mail Plaintiff the deficient COBRA enrollment notice at issue in this lawsuit.

38. The deficient COBRA notice that Plaintiff received was violative of COBRA's mandates for the reasons set forth herein.

39. Home Depot has in place no administrative remedies Plaintiff was required to exhaust prior to bringing suit as this is not a claim for benefits.

40. Additionally, even if such administrative remedies exist as to Plaintiff' statutory damages claims, any attempt to exhaust the same would have been futile as this is not an ERISA benefits case. In fact, exhaustion of administrative remedies is not required because Plaintiff was not provided with proper notice of his rights in the first instance.

41. Plaintiff suffered a tangible injury in the form of economic loss, specifically the loss of insurance coverage, due to Home Depot's deficient COBRA election notice.

42. Additionally, after Plaintiff lost his health insurance he suffered further injury when he refrained from seeking medical treatment – despite having an illness requiring

medical treatment – because he lost his health insurance due to Home Depot's deficient COBRA notice.

43.     And, when Plaintiff was forced to finally seek medical treatment, he incurred out-of-pocket medical expenses due to lacking insurance coverage.

44.     Finally, Plaintiff suffered an informational injury as a result of Home Depot's COBRA notice because he was never provided all information to which she was entitled by 29 C.F.R. § 2590.606-4(b).

### *Violation of 29 C.F.R. 29 C.F.R. § 2590.606-4(b)(4)(v)*
### *Failure to explain how to enroll in COBRA*

45.     The governing statute clearly requires that "[t]he notice … shall be written in a manner calculated to be understood by the average plan participant and shall contain the following information:…(v) [a]n explanation of the plan's procedures for electing continuation coverage, including an explanation of the time period during which the election must be made, and the date by which the election must be made."   29 C.F.R. § 2590.606-4(b)(4)(v).

46.     As a threshold matter, Home Depot's COBRA enrollment notices fail to adequately explain the procedures for electing coverage.  By failing to including explain the procedures for electing coverage, Home Depot interfered with Plaintiff's ability to elect COBRA continuation coverage.  And, furthermore, by failing to adequately explain the procedures for electing coverage, Home Depot prevented Plaintiff from understanding his rights under COBRA and how to make an informed decision about continuation coverage.

47.     Instead, Home Depot's COBRA enrollment notice merely directs plan participants to a general phone number, and website, rather than explaining how to actually

enroll in COBRA. To further compound the confusion, the Home Depot's COBRA enrollment notice contains no instructions on how to actually enroll if one calls the phone number, or visits the website. The telephone number provided by Home Depot in its COBRA enrollment notice is a "catch-all" number individuals can call with questions about anything benefit-related, including retirement funds, etc., as is the website.

48. This "catch-all" number is actually a phone number to a third-party administrator, Alight Solutions (an entity never identified in the COBRA notice), as is the website.

49. A "catch-all" number provided by Home Depot and then routed to a third-party call center designed to answer anything HR-related simply cannot meet the strict informational statutory requirements of 29 C.F.R. § 2590.606-4(b)(4)(v) required of all COBRA notices as to enrollment. The same is true as to the generic website link provided. Merely directing individuals to a website link and assuming he/she will be able to figure out how to enroll in COBRA once the website is visited simply is very different than actually explaining how to enroll in COBRA.

50. Unlike the Home Depot COBRA notice, the Model DOL notice provides a near fool-proof way to elect COBRA coverage by providing a physical election form to mail in, the date it is due, the name and address to where election forms should be sent, spaces for the names, social security numbers, and type of coverage elected by each plan participant or beneficiary.

51. Home Depot's COBRA enrollment notice simply does not contain "an explanation of the plan's procedures for electing continuation coverage, including an

explanation of the time period during which the election must be made, and the date by which the election must be made" as required by 29 C.F.R. § 2590.606-4(b)(4)(v). Merely telling Plaintiff and the putative class members to call a generic 1-800 number, or visit a catch-all website, operated by a third-party and hope they are able to figure out how to enroll after they call is not what is legally required in a COBRA notice. Instead, the notice itself must contain information on how to enroll. Home Depot's simply does not.

### *Violation of 29 C.F.R. § 2590.606-4(b)(4)(i) – Failure to Identify Plan Administrator, and Failure to Identify the Plan*

52. Plaintiff was unable – based on the content of Home Depot's COBRA notice – to ascertain the name, address and telephone number of the party responsible under the plan for the administration of continuation coverage benefits.

53. Home Depot was required to provide "in a manner calculated to be understood by the average plan participant ... the name, address and telephone number of the party responsible under the plan for administration of continuation coverage benefits." 29 C.F.R. § 2590.606-4(b)(4)(i). Also, the name of the plan, the Home Depot Medical and Dental Plan, must be included, but it is not. 29 C.F.R. § 2590.606- 4(b)(4)(i).

54. Home Depot's Notice fails to comply with this straightforward requirement.

55. Identifying who acted as the Plan Administrator is absolutely critical to know because "the plan administrator bears the burden of proving that adequate COBRA notification was given to the employee." *Griffin v. Neptune Tech. Group*, 2015 U.S. Dist. LEXIS 48000, 2015 WL 1635939, *9 (M.D. Ala. Apr. 13, 2015); (*citing to Hoffman v. R.F.*

*Group*, 2015 U.S. Dist. LEXIS 88598, *12, 2015 WL 4139084 (M.D. Fla. May 20, 2015). Home Depot's notice omits this critical and legally required information.

### *Violation of 29 C.F.R. § 2590.606-4(b)(4) – Failure to Provide COBRA Notice Written in a Manner Calculated "To Be Understood By the Average Plan Participant"*

56. By failing to adequately explain the procedures for electing coverage, as required by 29 C.F.R. § 2590.606-4(b)(4)(v), coupled with the complete omission from Home Depot's COBRA notice of how to actually enroll in COBRA, and even who the Plan Administrator is/was, Home Depot cumulatively violated 29 C.F.R. § 2590.606- 4(b)(4). This particular section mandates that employers, like Home Depot, must provide a notice of continuation coverage written in a manner calculated "to be understood by the average plan participant." Without the aforementioned critical pieces of, Home Depot's COBRA notice cannot be said to be written in a manner calculated "to be understood by the average plan participant." Thus, Home Depot violated 29 C.F.R. § 2590.6064(b)(4)(v).

### **CLASS ACTION ALLEGATIONS**

57. Plaintiff bring this action as a class action pursuant to the Federal Rules of Civil Procedure on behalf of the following persons:

> **All participants and beneficiaries in the Home Depot's Health and Dental Plan who were sent a COBRA notice, as a result of a qualifying event, during the applicable statute of limitations period, as determined by Home Depot's records, and did not elect continuation coverage**.

58. No administrative remedies exist as a prerequisite to Plaintiff' claims on behalf of the Putative Class. Even if they did, any efforts related to exhausting such non-existent remedies would be futile.

59. <u>Numerosity</u>: The Class is so numerous that joinder of all Class members is impracticable. On information and belief thousands of individuals satisfy the definition of the Class.

60. <u>Typicality:</u> Plaintiff's claims are typical of the Class. The COBRA notice that Home Depot sent to Plaintiff was a form notice that was uniformly provided to all Class members. As such, the COBRA notice that Plaintiff received were typical of the COBRA notices that other Class Members received and suffered from the same deficiencies.

61. <u>Adequacy:</u> Plaintiff will fairly and adequately protect the interests of the Class members, he has no interests antagonistic to the class, and has retained counsel experienced in complex class action litigation.

62. <u>Commonality:</u> Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class, including but not limited to:

   a. Whether the Plan is a group health plan within the meaning of 29 U.S.C. § 1167(1);

   b. Whether Home Depot's COBRA notice complied with the requirements of 29 U.S.C. § 1166(a) and 29 C.F.R. § 2590.606-4;

   c. Whether statutory penalties should be imposed against Home Depot under 29 U.S.C. § 1132(c)(1) for failing to comply with COBRA notice requirements, and if so, in what amount;

   d. The appropriateness and proper form of any injunctive relief or other equitable relief pursuant to 29 U.S.C. § 1132(a)(3); and

   e. Whether (and the extent to which) other relief should be granted based on Home Depot's failure to comply with COBRA notice requirements.

63. Class Members do not have an interest in pursuing separate individual actions against Home Depot, as the amount of each Class Member's individual claims is relatively small compared to the expense and burden of individual prosecution. Class certification also will obviate the need for unduly duplicative litigation that might result in inconsistent judgments concerning Home Depot's practices and the adequacy of its COBRA notice. Moreover, management of this action as a class action will not present any likely difficulties. In the interests of justice and judicial efficiency, it would be desirable to concentrate the litigation of all Class Members' claims in a single action.

64. Plaintiff intends to send notice to all Class Members to the extent required the Federal Rules of Civil Procedure. The names and addresses of the Class Members are available from Home Depot's records, as well as from Home Depot's third-party administrator, Alight Solutions.

## CLASS COUNT I
**(Against Defendant Home Depot U.S.A., Inc.)**

65. The Plan is a group health plan within the meaning of 29 U.S.C. § 1167(1).

66. The Corporate Home Depot Defendant is the plan sponsor and plan administrator of the Plan and was subject to the continuation of coverage and notice requirements of COBRA.

67. Plaintiff and the other members of the Class experienced a "qualifying event" as defined by 29 U.S.C. § 1163, and the Corporate Home Depot Defendant was aware that they had experienced such a qualifying event.

68.     On account of such qualifying event, the Corporate Home Depot Defendant sent Plaintiff and the Class Members a deficient COBRA notice.

69.     The COBRA notice that the Corporate Home Depot Defendant sent to Plaintiff and other Class Members violated 29 U.S.C. § 1166(a), 29 C.F.R. § 2590.606-4, and § 502(c) for the reasons set forth above.

70.     These violations were material and willful.

71.     The Corporate Home Depot Defendant knew that its notice was inconsistent with the Secretary of Labor's Model Notice and failed to comply with 29 U.S.C. § 1166(a) and 29 C.F.R. § 2590.606-4, but chose to use a non-compliant notice in deliberate or reckless disregard of the rights of Plaintiff and other Class Members.

## **CLASS COUNT II**
*(Against the Administrative Committee Home Depot U.S.A., Inc.)*

72.     Here, to the extent the Corporate Home Depot Defendant denies it has liability to Plaintiffs, in the alternative Plaintiff pleads this count against the Administrative Committee Home Depot Defendant.

73.     Plaintiff repeats and incorporates the allegations contained in the foregoing paragraphs as if fully set forth herein.

74.     The Plan is a group health plan within the meaning of 29 U.S.C. § 1167(1).

75.     Section 606(a)(4) of ERISA requires the "administrator" of a group health plan to notify a qualified beneficiary who would lose plan coverage of their right to elect COBRA continuation coverage. "Administrator" is defined in ERISA § 3(16)(A)(i), 29

U.S.C. § 1002(16)(A)(i), as "the person specifically so designated by the terms of the instrument under which the plan is operated."

76. There is no Plan Administrator named in the COBRA notice.

77. This is particularly problematic, and confusing, because Home Depot's Summary Plan Description identifies the Plan Administrator as, "The Administrative Committee Home Depot U.S.A., Inc.," while Home Depot reported in its Department of Labor filings that the plan administrator is actually "Home Depot U.S.A., Inc."

78. In fact, the confusion created by Home Depot's naming of two separate entities as both serving as plan administrator forced Plaintiff to name both entities as defendants to this lawsuit, as pled in the alternative here.

79. Thus, Plaintiff brings this claim against the Administrative Committee Home Depot Defendant to ensure there is an entity with liability named in this lawsuit.

80. The potential penalty that Plaintiff seeks under ERISA § 502(c)(1) for the alleged notice deficiency likewise is imposed upon the "administrator" of a plan.

81. Under 29 U.S.C. § 1132(c), "Any administrator (A) who fails to meet the requirements of paragraph (1) or (4) of section 1166 of this title, section 1021(e)(1) of this title, section 1021(f) of this title, or section 1025(a) of this title with respect to a participant or beneficiary

82. Plaintiff and the other members of the Class experienced a "qualifying event" as defined by 29 U.S.C. § 1163, and the Administrative Committee Home Depot Defendant was aware that they had experienced such a qualifying event.

83. On account of such qualifying event, the Administrative Committee Home Depot Defendant caused to be sent Plaintiffs and the Class Members a deficient COBRA notice.

84. The COBRA notice that the Administrative Committee Home Depot Defendant sent to Plaintiff and other Class Members violated 29 U.S.C. § 1166(a), 29 C.F.R. § 2590.606-4, and § 502(c) for the reasons set forth in above.

85. These violations were material and willful.

86. The Administrative Committee Home Depot Defendant knew that its notice was inconsistent with the Secretary of Labor's Model Notice and failed to comply with 29 U.S.C. § 1166(a) and 29 C.F.R. § 2590.606-4, but chose to use a non-compliant notice in deliberate or reckless disregard of the rights of Plaintiff and other Class Members.

## **PRAYER FOR RELIEF**

*WHEREFORE*, Plaintiff, individually and on behalf of the Class, prays for relief as follows:

   a. Designating Plaintiff' counsel as counsel for the Class;

   b. Issuing proper notice to the Class at Home Depot's expense;

   c. Declaring that the COBRA notice sent by Home Depot to Plaintiff and other Class Members violated 29 U.S.C. § 1166(a) and 29 C.F.R. § 2590.606-4;

   d. Awarding appropriate equitable relief pursuant to 29 U.S.C. § 1132(a)(3), including but not limited to an order enjoining Home Depot from continuing to use its defective COBRA notice and requiring Home Depot to send corrective notices;

  e. Awarding statutory penalties to the Class pursuant to 29 U.S.C. § 1132(c)(1) and 29 C.F.R. § 2575.502c-1 in the amount of $110 per day for each Class Member who was sent a defective COBRA notice by Home Depot;

  f. Awarding attorneys' fees, costs and expenses to Plaintiff' counsel as provided by 29 U.S.C. § 1132(g)(1) and other applicable law; and

  g. Granting such other and further relief, in law or equity, as this Court deems appropriate.

Dated this 8th day of July, 2020.  Respectfully submitted,

*/s/ Brandon J. Hill*

**LUIS A. CABASSA**
Florida Bar Number: 053643
Direct No.: 813-379-2565
**BRANDON J. HILL**
Florida Bar Number: 37061
Direct No.: 813-337-7992
**WENZEL FENTON CABASSA, P.A.**
1110 North Florida Ave., Suite 300
Tampa, Florida 33602
Main No.: 813-224-0431
Facsimile: 813-229-8712
Email: lcabassa@wfclaw.com
Email: bhill@wfclaw.com
Email: gnichols@wfclaw.com

and

**MARC R. EDELMAN**
Fla. Bar No. 0096342
**MORGAN & MORGAN, P.A.**
201 N. Franklin Street, Suite 700
Tampa, FL 33602
Telephone 813-223-5505
Fax: 813-257-0572
Email: MEdelman@forthepeople.com
**Attorneys for Plaintiff**